IN THEUNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT COURT OF PENNSYLVANIA

_____

| | | |
|---|---|---|
| SHARITA GORDON, | : | |
| Plaintiff | : | |
| | : | CIVIL ACTION NO: |
| v. | : | |
| HAVERFORD TOWNSHIP, PA | : | |
| & | : | |
| DETECTIVE JOSEPH FULLER | : | |
| & | : | |
| CHIEF OF POLICE JOHN F. VIOLA | : | |
| & | : | |
| KOHL'S DEPARTMENT STORE | : | |
| & | : | |
| LOSS PREVENTION OFFICER MISSY NELSON | : | |

## COMPLAINT

### PRELIMINARY STATEMENT

1.  This is a civil rights complaint brought under 42 U.S.C. Section 1983 and raising

supplemental state-law claims concerning the actions of the Defendants, Detective

Joseph Fuller, in arresting and charging Plaintiff with a crime without any legal or

factual basis.    The actions and conduct of Defendant, Fuller, is the result of a policy,

practice, custom and deliberate indifference on the part of the Defendants

Haverford Township, Pennsylvania, and Chief of Police, John F. Viola.

### JURISDICTION

2.  This Court has jurisdiction over the subject matter of the Complaint under 42

U.S.C. Section 1983 and 28 U.S.C. Section 1331, 1343(a)(3), 1343(a)(4) and

1367(a).

**PARTIES**

3.     The Plaintiff, Sharita Gordon, is and was always relevant to this Complaint, a resident OF Baltimore, Maryland.

4. The Defendant, Haverford Township, Pennsylvania is a municipality in the Commonwealth of Pennsylvania and owns, operates, manages, directs, and controls the Haverford Township Police Department.

5. The Defendant, Chief of Police John F. Viola, is and was always relevant to the Complaint a resident of Delaware County, Pennsylvania and was acting in the capacity as the Chief of Police of the Haverford Township Pennsylvania Police Department under color of state law.    He is sued in his individual and official capacity, as the Chief of Police of the Haverford Township Police Department.

6.     The Defendant, Detective Joseph Fuller, is and was always relevant to this Complaint, a resident of Delaware County, Pennsylvania and was acting in his capacity as a Detective in the Haverford Township Police Department under the color of state law.    He is sued in his individual and official capacity.

7. Defendant Haverford Township, Pennsylvania, Pennsylvania, is under a duty and responsibility to run the policing activities of the Haverford Township, Pennsylvania Police Department in a lawful manner so as to preserve for their citizens the rights, privileges and immunities guaranteed and secured to them by the Constitution and laws of the United States, and the Commonwealth of Pennsylvania.

8.   Defendant Haverford Township, Pennsylvania established or delegated to the Defendant, Chief of Police John F. Viola, the responsibility for establishing the implementation of policies, the practices, procedures, or customs used by law enforcement officers employed by Tobyhanna Township, including Defendants Detective Joseph Fuller and regarding the determination of probable cause for arrest, the issuance of criminal complaints and the initiation of criminal prosecutions.

9.   The Defendant, Kohl's Department Store is a American Department Store, operated by Kohl's Corporation, and relevant to this case operate a store in Haverford Township, ,Pennsylvania.

10. The Defendant, Missy Nelson, is a loss prevention officer for Kohl's Department Store, located in Haverford Township, Pennsylvania and resides in Delaware County, Pennsylvania.

11. Each and all of the acts of the Defendant, Detective Joseph Fuller, in this incident performed under the color and pretense of the Constitution, statutes ordinance, regulations, customs and uses of the United States of America, Commonwealth of Pennsylvania, and Townships, were under the color of law and by virtue of his authority as a law enforcement officer and the course and scope of his employment with the Haverford Township, Pennsylvania Police Department.

**FACTUAL ALLEGATIONS**

*Procedural History of Criminal Case*

12. On November 2, 2023, the Defendant, Sharita, was arrested by City of

   Philadelphia

13. Police and charge with one count each of Retail Theft, 18 Pa.C.S.A Section

   3929(a)(1), (F3), Criminal Conspiracy-Retail Theft, 18 Pa.C.S.A. Section 903, (F3),

   Receiving Stolen Property, 18 Pa.C.S.A. Section 3925(a), (F3), and Criminal

   Conspiracy-Receiving Stolen Property, 18 Pa.C.S.A. Section 903, (F3), for being

   identified on video as a participant in a three person heist of the Haverford

   Township Kohl's Department Store.

14. Bail was set at $5, 000.00, ten percent, on November 2, 2023,

15. On December 1, 2023, following an oral motion to increase bail by the

   Commonwealth, Defendant's Bail was raised to $50,000.00.

16. Following a preliminary hearing on December 15, 2023, presided by Delaware

   County Magisterial District Court Judge, the Honorable Robert M. D'Agostino, all

   charges were held for Court.

17.   After the preliminary hearing, Judge D'Agostino decreased Defendant's bail to

$50,000.00, unsecured.

18.   Plaintiff was arraigned on January 24, 2024, in the Delaware County,

Pennsylvania Court of Common Pleas.

19. On May 24, 2024, Plaintiff filed a Petition for Writ Habeas Corpus and Motion to

Suppress the Identification of Plaintiff.

20. Following a hearing, on November 25, 2024, Delaware County Court of Common

Pleas Judge, the Honorable Michael Green granted Plaintiff's Habeas Corpus and

dismissed the case in its entirety.

Allegations of Criminal Complaint

21. Kohl's Loss Prevention Officer, for the Haverford Township, Pennsylvania store

Melissa Nelson dropped off an after the fact investigation packet.

22. Defendant, Detective, Joseph Fuller, reviewed the packet and video provided and

confirmed the details that were provided via Nelson's investigative report.

23.    The report consisted of the following:

   A.   Nelson was alerted to a theft that had occurred, and she reviewed the

        video to describe that on June 22, 2023, around 2040 hours, a male and

        two females entered the Kohl's, located at 250 West Chester Pike.

   B.   All three subjects are now known to police as Stephon Diggs, the Plaintiff,

        Sharita Gordon, and Shanay Jackson.

-4-

   C.   Diggs, Plaintiff Gordon and Jackson grab shopping carts then proceed

        immediately to the men's athletic section of the store.

   D.   Diggs, Plaintiff Gordon and Jackson then begin to select merchandise and

        place merchandise inside of trash bags, which each subject had brought

        with them and placed inside the shopping cart.

   E.   Diggs, Plaintiff Gordon and Jackson then proceed to the shoe department,

        where they again select merchandise and then conceal the merchandise

-5-

within trash bags in their shopping carts.

F.  Diggs, Plaintiff Gordon and Jackson then pick up the trash bags from their shopping carts and proceed toward the exit.

G.  Diggs, Plaintiff Gordon and Jackson then exit the store, passing all points of sale without rendering payment for the concealed merchandise, and walk toward their vehicle.

H.  A customer notified a store associate as this was happening and also followed Diggs, Plaintiff Gordon and Jackson toward their vehicle.

I.  The customer took a photograph of the vehicle that Diggs, Plaintiff Gordon and Jackson entered (with the stolen merchandise) and provided it to Kohl's.

J.  The registration was MD: 8 EE5131 on a gray Honda Accord.

K.  Diggs, Plaintiff Gordon and Jackson, now in the vehicle, drive off and out of camera view.

L.  52 items were stolen between Diggs, Plaintiff Gordon and Jackson, with a total value of $2782.25.

M.  Nelson provided her information to other associates with similar positions within Kohl's loss prevention.

N.  Nelson was provided with identifying information for the offenders, which she forwarded to Defendant, Detective Fuller.

O.  Diggs, Plaintiff Gordon, and Jackson, had all been identified in early June 2023 by Kohl's in other retail theft incidents.

P.   Defendant, Detective John Fuller, entered each subject into JNET,
     received driver photo results, and was able to immediately identify each
     subject as an offender in this matter.

Q.   Based on the nature of the case (conspiracy) and the total amount,
     Defendant, Detective Joseph Fuller, graded the group's offense to be a
     felony.

R.   Defendant, Detective Fuller, applied for and was granted arrest warrants
     for Plaintiff Gordon and the others on July 7, 2023.

S.   On October 19, 2023, at 1309 hours, Baltimore Police Officer Breen
     advised Defendant, Detective Joseph Fuller, that he had just took Plaintiff
     Gordon into custody on Defendant Fuller's warrant.

T.   Officer Breen inquired if the warrant was still valid and if The Haverford
     Township was going to extradite.

U.   Defendant, Detective Joseph Fuller, confirmed that the warrant for
     Plaintiff Gordon's arrest.

V.   Defendant Detective Joseph Fuller, then contacted the Delaware County
     DA's Extradition Unit coordinator Kelly Wilson and advised her of the
     arrest of Plaintiff Gordon.

W.   On November 2, 2023, the Delaware County Sheriff's Department
     dropped off the defendant Sharita Gordon to the Delaware County
     Prison.

X.   Plaintiff Gordon was placed in Cell # 6 to await her Bail Interview and
     arraignment.

24.    **12/15/2023 PRELIMINARY HEARING TESTIMONY**

Y.  Officer Missy Nelson, a loss prevention employee of Kohl's Department

Store, located at 250 West Chester Pike, reviewed video footage of a

retail theft incident which occurred at Kohl's on June 22, 2023.  **(N.T.**

**Direct Examination of Loss Prevention Officer Missy Nelson, Preliminary**

**Hearing, 12/15/2023, p. 5, lines 6-22)**.

Z.  The Defense objected to Officer Nelson testifying regarding her

observation of the video footage, as Officer Nelson was not present at

Kohl's during the incident and the video was the best evidence, which

was joined by co-counsel for Defendant, Shanay Jackson.  **(N.T. Direct**

**Examination of Loss Prevention Officer Missy Nelson, Preliminary**

**Hearing, 12/15/2023, p. 6, lines 1-7)**.

AA. Following argument by the Commonwealth, Judge D'Agostino overruled

the Defense objection and permitted Officer Nelson to testify regarding

her observation of the video.  **(N.T. Direct Examination of Loss**

**Prevention Officer Missy Nelson, Preliminary Hearing, 12/15/2023, p. 6,**

**lines 19-21)**.

-7-

BB. Officer Nelson testified that she observed the Plaintiff, Sharita Gordon,

Co-Defendant Jackson, as well as male suspect who was not present for

the preliminary hearing.  **(N.T. Direct Examination of Loss Prevention**

**Officer Missy Nelson, Preliminary Hearing, 12/15/2023, p. 7, lines 6-10)**.

CC. The Court accepted Officer Nelson's identification of both female

defendants, including Plaintiff Sharita Gordon.    **(N.T. Direct Examination of Loss Prevention Officer Missy Nelson, Preliminary Hearing, 12/15/2023, p. 7, lines 16-19)**.

DD. Officer Nelson observed Plaintiff Gordon and the other two Defendants select multiple items of clothing from the athletic department and put them in shopping carts, then go to the shoe department.    **(N.T. Direct Examination of Loss Prevention Officer Missy Nelson, Preliminary Hearing, 12/15/2023, p. 7, lines 23-25, p. 8, lines 1-3)**.

EE. Once in the shoe department, the three defendants took shoes out of their boxes, as well as the clothing from the carts and concealed those items in large trash bags.    **(N.T. Direct Examination of Loss Prevention Officer Missy Nelson, Preliminary Hearing, 12/15/2023, p. 8, lines 3-5)**.

FF. Officer Nelson observed all three defendants pass all points of sale and take those items out of the store, followed by the manager.    **(N.T. Direct Examination of Loss Prevention Officer Missy Nelson, Preliminary**

GG.  The approximate value of the items taken by each Defendant was estimated at $808.20, and $1,000.00 for the items taken by the male shoplifter.    **(N.T. Direct Examination of Loss Prevention Officer Missy Nelson, Preliminary Hearing, 12/15/2023, p. 8, lines 22-25)**.

HH.  Prior to viewing the video, Officer Nelson had never observed Plaintiff and she relied solely on hearsay information, which she received from another Kohl's.    **(N.T. Cross Examination of Loss Prevention Officer Missy Nelson,**

II. **Preliminary Hearing, 12/15/2023, p. 11, lines 11-15)**.

25. On November 25, 2024, following review of the video, Judge Green

determined unequivocally that Plaintiff Gordon was not one of the two

females in the surveillance video, then Granted Plaintiff's Habeas Corpus

Petition and dismissed the case in its entirety.

## CAUSES OF ACTION

### Count I

**Civil Rights Action [42 U.S.C. Section 1983]) False Arrest against**

**Defendant, Detective Joseph Fuller and Loss Prevention Officer Missy Nelson**

23.    Plaintiff re-alleges and incorporates by reference the allegations contained in

paragraphs 1-22.

24.    42 U.S.C. Section 1983 provides that:

> Every person who under color of any statute, ordinance, regulation,
> custom or usage of any state or territory or the District of Columbia
> subjects or causes to be subjected any citizen of the United States or
> other person within the jurisdiction thereof to the deprivation of any
> rights, privileges or immunities secured by the constitution and law
> shall be liable to the party injured in an action at law, suit in equity, or
> other appropriate proceeding for redress…..

26. Plaintiff in this action is a citizen of the United States and all of the individual

police officer Defendants to this claim are persons for purposes of 42 U.S.C. Section

1983, Defendants, Detective Joseph Fuller and Loss Prevention Officer Missy Nelson,

were at all times relevant hereto, was acting under color of state law in his capacity

as a Haverford Township, Pennsylvania Detective and his acts or omissions were

conducted within the scope of his official duties or employment.

-10-

26.     At the time of the complained events, Plaintiff had the clearly established constitutional right to be free from detention, arrest and imprisonment without reasonable suspicion or probable cause under the Fourth Amendment and in violation of the due process under the Fourteenth Amendment.

27.     Any reasonable Police Officer knew or should have known of these rights at the time of the complained of conduct as they were clearly established at the time of the Plaintiff's arrest.

28. The Defendants violated Defendant's Fourth and Fourteenth rights to be free from unreasonable detention, false arrest and false imprisonment without probable cause, when they callously, recklessly, and maliciously arrested Plaintiff for committing Felony Retail Theft, when she was not present and did not in any way participate during the commission of the offenses and arrested her anyway despite the availability of exculpatory video evidence.

29. Defendants engaged in the conduct described by this Complaint willfully, maliciously, in bad faith, and in reckless disregard of Plaintiff's protected constitutional rights.

30.     The Detention, arrest and imprisonment of Plaintiff was malicious, shocking, and objectively unreasonable, in view of the circumstances.

31. The acts or omissions of Defendants were the moving force behind Plaintiff's injuries.

32. The acts or omissions of Defendants described herein intentionally deprived Plaintiff of his constitutional and statutory rights and caused him other damages.

33.     Defendants are not entitled to qualified immunity for their misconduct.

34.     Plaintiff was subjected to humiliation, fear, pain and suffering by the illegal

acts of Defendant Fuller and suffered injuries as a result.

35.     Plaintiff is entitled to compensatory damages, punitive damages, attorney's

fees under 42 U.S.C. Section 1988, and all applicable law, and such additional relief

as the Court deems just.

**Count II**

**Civil Rights Action [42 U.S.C. Section 1983]) Malicious Prosecution against**

**Defendants Detective Joseph Fuller**

36. Plaintiff re-alleges and incorporates by reference the allegations contained in

paragraphs 1-35.

37.    42 U.S.C. Section 1983 provides that:

> Every person, who under color of any statute, ordinance,
> regulation, custom or usage of any state of territory or the District
> of Columbia subjects or causes to be subjected any citizen of the
> United States or other person within the jurisdiction thereof to
> the deprivation of any other person within the jurisdiction thereof
> to the deprivation of any rights, privileges or immunities secured
> by the constitution and law shall be liable to the party injured in
> an action at law, suit in equity, or other appropriate proceeding
> for redress . . .

38. Defendant Fuller always, relevant hereto, was acting under the color of state law

in their capacity as a Detectives with the Haverford Township, Pennsylvania Police

Department, on behalf of the Township and his acts or omissions was conducted

within the scope of their official duties or employment.

39. At the time of the complained events, Plaintiff had the clearly established

constitutional right to be free from malicious prosecution without probable cause

under the Fourth Amendment and in violation of due process under the Fourteenth

Amendment.

40. Any reasonable police detective knew or should have known of these rights at the time of the complained of conduct as they were clearly established at the time.

41  Defendants violated Plaintiff's Fourth and Fourteenth Amendment rights to be free from malicious prosecution without probable cause and without due process, when he secured false charges against Plaintiff, for Felony Retail Theft and lesser included offense, even though he was privy to a video of the alleged incident which did not depict Plaintiff engaged in any criminal activity, and failed to provide the video to Plaintiff's criminal defense counsel for their inspection, which precluded Plaintiff's defense counsel from ascertaining whether the video was exculpatory.

42  The charges were dismissed, following a Habeas Corpus hearing, Delaware County Court of Common Pleas Judge, the Honorable Michael Green.

43  Defendant Fuller intentionally and maliciously instituted a criminal proceeding including the charges of Felony Retail Theft and lesser included offenses against Plaintiff without probable cause.

44  Defendant Fuller engaged in the conduct described by this Complaint, willfully, maliciously, in bad faith, and in reckless disregard for Plaintiff's protected constitutional rights.

45  The acts or omissions of Defendant Fuller was the moving force behind

Plaintiff's injuries.    The acts or omissions of Defendant Fuller described

herein intentionally deprived Plaintiff of his constitutional and statutory

rights and caused him other damages.

46  Defendants Fuller is not entitled to qualified immunity for the complained of

conduct.

47  WHEREFORE, Plaintiff demands judgment on this count in his favor and

against Defendant Fuller, together with compensatory and punitive damages,

interest, cost of suit, attorney's fees and such other further relief to which

this Court deems just and proper.

## COUNT III

**Civil Rights Action (42 U.S.C. Section 1983) - Deliberately Indifferent Policies,**

**Practices, Customs, Training and Supervision in violation of the Fourth and**

**Fourteenth Amendments and in violation of 42 U.S.C. Section 1981 against**

**Defendants Haverford Township Chief of Police John F. Viola and Defendant**

**Haverford Township.**

48. Plaintiff re-alleges and incorporates by reference the allegations contained in

paragraphs 1-47.

49.          42 U.S.C. Section 1983 provides that:

> Every person, who under color of any statute ordinance,
> regulation, custom usage of any state or territory or the
> District of Columbia subjects or causes to be subjected any
> citizen of the United States or other person within the
> jurisdiction thereof to the deprivation of any rights, privileges
> or immunities secured by the constitution and law shall be
> liable to the party injured in action at law, suit in equity, or
> other appropriate proceeding for redress . . . .

50. Plaintiff in this action is a citizen of the United States and Defendants to this claim are persons for purposes of 42 U.S.C. Section 1983.

51. Defendants to this claim, always, were acting under the color of state law.

52. Plaintiff had the following clearly established rights at the time of the complained of conduct.

    A.   The right to be free from malicious prosecution under the Fourth Amendment and Fourteenth Amendments to the United States Constitution.

    B.   The right to be free from discrimination by police under the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution and under 42 U.S.C. Section 1981.

53. Defendant Haverford Township Chief of Police, John F. Viola, and the Defendant Haverford Township, Pennsylvania, knew or should have known of these rights at the time of the complained of conduct as they were clearly established at that time.

54. The acts or omissions of these Defendants, as described herein, deprived Plaintiff of his constitutional and statutory rights and caused him other damages.

55.  Defendants are not entitled to qualified immunity for the complained of conduct.

56. Defendant Chief Viola was at all times the policymaker for the Defendant Haverford Township, and in that capacity established policies, procedures,

customs, and or practices for the same.

57. Defendant Viola developed and maintained policies, procedures, customs, and/or practices exhibiting deliberate indifference to the constitutional rights of citizens, which were the moving forces behind and proximately caused the violations of Plaintiff's constitutional and federal rights as set forth herein and in the other claims, resulted from a conscious or deliberate choice to follow a course of action from among various available alternatives.

58. Defendants Viola and the Defendant Haverford Township have created and tolerated an atmosphere of lawlessness, and have developed and maintained long-standing, department-wide customs, law enforcement-related policies, procedures, customs, practices, and/or failed to properly train and/or supervise its officers in a manner amounting to deliberate indifference to the constitutional rights of Plaintiff and of the public.

59.  In light of the duties and responsibilities of those police officers that participate in arrests and preparation of police reports on alleged crimes, the need for specialized training and supervision is so obvious, and the inadequacy of training and/or supervision is so likely to result in the violation of constitutional and federal rights such as those described herein that the failure to provide such specialized training and supervision is deliberately indifferent to those rights.

-16-

60. The deliberately indifferent training and supervision provided by Defendant Chief Viola and Defendant Haverford Township resulted in a conscious or deliberate choice to follow a course of action from among various alternatives available to the Defendants and were the moving forces in the constitutional and federal violations and injuries.

61. As a direct result of Defendants' unlawful conduct, Plaintiff has suffered emotional injury and other damages and losses as described herein entitling him to compensatory and special damages, in amounts to be determined at trial.

62. On information and belief, Plaintiff may suffer lost future earnings and impaired earning capacities from the public stigma accruing from such a high-profile publicized case, in amounts to be ascertained at trial.    Plaintiff is further entitled to attorneys' fees and costs pursuant to 42 U.S.C. Section 1988, pre-judgment interest and costs as allowable by federal law.

63. Plaintiff seeks appropriate declaratory and injunctive relief pursuant to 42 U.S.C. Section 1983 to redress Defendants' above-described ongoing deliberate indifference in policies, practice, habits, customs, usages, training and supervision with respect to the rights described herein, which Defendants have no intention for voluntarily correcting despite obvious need and requests for such correction.

## COUNT IV

**Intentional Infliction of Emotional Distress against Defendant
Detective Joseph Fuller and Loss Prevention Officer Missy Nelson**

64.    Plaintiff re-alleges and incorporates by reference the allegations

contained in paragraphs 1-63.

65.    By engaging in the acts herein alleged, Defendant Fulle and

Defendant Loss Prevention Officer Missy Nelson engaged in outrageous

conduct with an intent to or a reckless disregard of the probability of causing

Plaintiff to suffer emotional distress.

66.    As a direct, proximate and foreseeable result, Plaintiff suffered

severe emotional distress and the outrageous conduct was the cause of the

emotional trauma suffered by Plaintiff.

67.    The conduct of Defendant Fuller and Defendant Loss Prevention

Officer Nelson also amounts to oppression, fraud or malice and punitive

damages should be assessed against Defendants for the purpose of

punishment and for the sake of example.

## COUNT V

**Common Law Malicious Prosecution Committed by Defendant**

**Detective Joseph Fuller**

68.    The Plaintiff re-alleges and incorporates by reference the

allegations contained in paragraphs 1 through 67.

69.    A person who is wrongly accused may recover for malicious

prosecution by proving three basic elements: 1) that the underlying

proceedings terminated favorably for the accused; 2) that the defendant

caused those proceedings to be instituted without probable cause and 3)

malice.    Restatement (Second) of Torts Section 653.[2]

70.    Clearly where Plaintiff the charges of Felony Retail Theft and all

lesser included offenses were withdrawn by the Commonwealth and/or

dismissed by the Superior Court of Pennsylvania, the prosecution against

Plaintiff was commenced without a scintilla of probable cause and Defendant

Fuller demonstrated malice by concealing exculpatory evidence, Defendants

Fuller engaged in malicious prosecution.

71.   As a result of Defendant's commission of malicious prosecution

against Plaintiff, Plaintiff has suffered, and continues to suffer, substantial

damages and irreparable harm as a result which would be highly offensive to

a reasonable person.

72.   The Defendant's commission of malicious prosecution entitles

Plaintiff to compensatory damages, punitive damages, and such other relief

as the Court may deem just and proper.

## COUNT VI

### NEGLIGENT, HIRING, SUPERVISION AND RETENTION

73. **The Plaintiff re-alleges and incorporates by reference the allegations**

**contained in paragraphs 1 through 72.**

74.   Upon information and belief, the Defendant, Kohl's Department Store, hired,

trained and supervised and/or certified Defendant, Missy Nelson, who was

their loss prevention officer.

75. Defendant Nelson was unfit and incompetent to perform her duties, where she mistakenly identified the Plaintiff, Sharita Gordon, as a participant in a retail shopping spree, based solely on hearsay, without viewing a photograph of Plaintiff and personally comparing her likeness to the women depicted in the department store surveillance video.

76.  Defendant Nelson's incompetence and unfitness for her position as loss prevention officer was further illustrated when she had the opportunity to observe the Plaintiff during her preliminary hearing and, nevertheless, misidentified her as one of the women committing retail theft on the department store surveillance video.

77. As a direct and legal result of the said wrongful conduct of Defendant Missy Nelson, Plaintiff was subject to false arrest, malicious prosecution and emotional distress.

78. Defendant Kohl's should have known that Defendant Missy Nelson was unfit and/or incompetent and that this unfitness and incompetence created a substantial risk that Plaintiff and other citizens would arbitrarily and capriciously be denied their freedom and constitutional rights.

79. Defendant Kohl's failure to fix the problem of Defendant Missy Nelson's incompetence and/or unfitness, foreseeably and predictably resulted in Plaintiff being falsely arrested and maliciously prosecuted.

80. The wrongful act and/or omissions of Defendant Kohl's department store, as set forth herein, were made, adopted, approved, authorized, endorsed and/or ratified by their officers, directors, or managing agents, and were

-20-

81. done maliciously, oppressively, fraudulently, and/or with a willful and knowing disregard for the freedom and constitutional right of Plaintiff and the community.

82. Such action was done with malice, oppression and/or fraud and was and is despicable, shocking and offensive and entitles Plaintiff to an award of punitive damages against Defendant Kohl's to be determined at trial.

**WHEREFORE**, Plaintiff respectfully requests

A.   Compensatory damages as to all Defendants;

B.   Punitive Damages as to Defendants Fuller, Nelson and Kohl's Department Store;

C.   Reasonable attorney's fees and costs as to all Defendants;

D.   Such other and further relief as may appear just and appropriate.

Plaintiff hereby demands a jury trial.

Respectfully submitted:

__/s/ Earl Raynor_____
Earl Raynor, Esquire
PA Supreme Court I.D. No. 66849
1800 JFK Boulevard
Third Floor, Box 103
Philadelphia, PA 19103
(215)254-0299
Fax: (914)663-5116
earlraynor@yahoo.com

Attorney for Plaintiff
Sharita Gordon